IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Aliakber Mustakali Momin, and<br>All Others Similarly Situated,<br>    Plaintiffs<br><br>v.<br><br>Mehmood Ahmed Miahmed,<br>    Defendant. | Civil Action<br>File No. 4:19-cv-<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, Aliakber Mustakali Momin ("Mr. Momin" or "Plaintiff"), and all others similarly situated, and complain of Defendant Mehmood Ahmed Miahmed ("Mr. Miahmed" or "Defendant"), and for cause of action would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Aliakber Mustakali Momin and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from Defendant Mehmood Ahmed Miahmed and his businesses.

2. The Defendant owns, operates and controls several tobacco and smoke shops around the Houston Metropolitan area.

3. In violation of the FLSA, Defendant failed to pay Mr. Momin and Members of the Plaintiff Class overtime wages. Mr. Momin and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendant and his businesses, yet did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

1

4. Defendant has a uniform enterprise-wide policy of not paying his employees' overtime wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Mr. Momin and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Aliakber Mustakali Momin**, is a resident of Harris County, Texas. Plaintiff was an employee engaged in commerce while he worked at Defendant's tobacco and smoke shop business as a clerk.

9. **Members of the "Plaintiff Class"** are Defendant Miahmed's current and former non-exempt employees who work, or worked, at one or more tobacco and smoke shops owned, operated and/or controlled by Mr. Miahmed during the relevant period.

10. Defendant, **Mehmood Ahmed Miahmed,** is an individual who may be served with summons and complaint at his residence at 11418 Jonstone Paisley Court, Richmond, Texas 77407, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant resides, and is engaged in business, in the State of Texas.

11. Whenever this complaint alleges that Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendant, but also by Defendant's officers, directors, vice-principals, agents, servants, or employees, and

that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA COVERAGE

12. For purposes of this civil action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

13. At all material times, Defendant and each of his tobacco and smoke shop business was an "employer". 29 U.S.C. § 203(d).

14. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

15. At all material times, Defendant and his tobacco and smoke shop businesses collectively were an "enterprise". 29 U.S.C. § 203(r); 29 U.S.C. § 203(s)(1)(A).

16. Defendant and his tobacco and smoke shop businesses are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

17. At all material times, Defendant and his tobacco and smoke shop businesses were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendant and his tobacco and smoke shop businesses have had, and continue to have, annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce. 29 U.S.C. § 207.

# V.
## COLLECTIVE ACTION ALLEGATIONS

20. Mr. Momin seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

21. Further, when a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

22. As such, class certification is appropriate for all clerks working for the Defendant, in that the Defendant controlled and operated several tobacco and smoke shop businesses where Members of the Plaintiff Class (including Mr. Momin) were employed during the relevant period.

23. Plaintiff seeks notice to issue to all non-exempt employees of the Defendant who together were victims of Defendants' widespread and identical violations of the FLSA.

24. Plaintiff worked overtime hours for which he received straight-time pay.

25. Defendant's wide-spread policy and practice violated the FLSA because it allows the Defendant not to pay his employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

26. By failing to document the overtime pay owed to Plaintiff and to Members of the Plaintiff Class, the Defendant also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

27. During the class period, Defendant owned, controlled and operated the aforementioned businesses, and he set this pay policy shared by all such businesses.

28. The common policy of paying straight-time wages for overtime hours worked by employees is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

29. Members of the Plaintiff Class (including Mr. Momin) have been victimized by Defendant's ill-conceived patterns, practices, and policies that violate the FLSA.

30. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

31. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

32. All current and former non-exempt employees, regardless of job title, job requirements, or rate or method of pay, to whom the Defendant denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Mr. Momin, and are thus appropriate members of the Plaintiff Class.

33. All current and former non-exempt employees employed by business establishments that the Defendant owned / controlled, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

34. Thus, the class Mr. Momin seeks to represent is comprised of <u>all store clerks (a) who were paid at a straight-time rate for hours worked in excess of forty in any workweek during the relevant period and (b) who worked or currently work at any tobacco and smoke shop owned individually or jointly, directly or indirectly, and/or managed now or in the past by Defendant Mehmood Ahmed Miahmed, or by any legal entity in which Defendant Mehmood Ahmed Miahmed has or had an ownership interest</u>.

35. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

36. Defendant employed Mr. Momin as a store clerk at one of his tobacco and smoke shops doing business as "High End Smoke" from February 1, 2017 until April 20, 2018.

37. During his employment, Mr. Momin worked overtime hours on a weekly basis.

38. Typically, Mr. Momin worked from 10:00 a.m. until 9:00 p.m., Monday through Thursday, and from 10:00 a.m. until 10:00 p.m. on Friday and Saturday.

39. At the time Mr. Momin was hired, Defendant Miahmed informed him that he would receive $1,500.00 every fifteen days, and that Plaintiff would not receive any overtime pay.

40. Mr. Momin in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages.

41. Mr. Momin performed duties that included operating the cash register, assisting customers with their purchases, and upkeep and cleaning of the premises.

42. As decided by the Defendant at the outset of Mr. Momin's employment, he received no overtime wages despite working well in excess of 40 hours a week.

43. Similarly, all Members of the Plaintiff Class that seek to be a part of this collective action received no overtime wages because Defendant has an identical and wide-spread policy of paying straight-time wages for overtime worked.

44. Defendant controlled Mr. Momin's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages), Mr. Momin's pay rate, and the number of hours Mr. Momin worked during each workweek.

45. The Defendant own(ed), control(led) and / or operate(d) the businesses where Mr. Momin and Members of the Plaintiff Class worked, and Defendant possessed the sole authority to make all decisions pertaining to the operation of his tobacco and smoke shops.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

Violation of the FLSA –
Failure to pay overtime wages to Plaintiff and all others similarly situated

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47. Defendant violated the FLSA by failing to pay Plaintiff time-and-a-half rate for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207.

48. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

49. During their employment with Defendant and Defendant's tobacco and smoke shop businesses, Plaintiff Momin and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer.

50. Plaintiff and Members of the Plaintiff Class were informed that no overtime would be paid despite being required to work overtime hours on a weekly basis.

51. Plaintiff and Members of the Plaintiff Class received no overtime wages resulting from Defendant's policy of paying straight-time for overtime hours worked at all of his tobacco and smoke shop businesses.

52. Because of Defendant's wide-spread policy and practice of not paying employees' overtime at his tobacco and smoke shop businesses, Defendant and the businesses he controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

53. As such, Plaintiff and Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

54. Plaintiff and Members of the Plaintiff Class also seek liquidated damages in amounts equaling their unpaid overtime wages.

55. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. In part, 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

56. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

57. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Aliakber Mustakali Momin and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief by entering Final Judgment against Defendant Mehmood Ahmed Miahmed and his

tobacco and smoke shop businesses, jointly and severally, as follows:

a. Authorize issuance of notice to Defendant's similarly situated employees who were employed during any part of the relevant three-year lookback period at any tobacco and smoke shop business owned and/or controlled by Defendant Mehmood Ahmed Miahmed, informing the employees of their right to participate in this collective action lawsuit;

b. Declare the Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime pay;

c. Declare the Defendant's violations of the FLSA are willful;

d. Order Defendant and his tobacco and smoke shop businesses to pay unpaid overtime wages and liquidated damages to Plaintiff and to Members of the Plaintiff Class;

e. Order Defendant and his tobacco and smoke shop businesses to pay reasonable attorney's fees and all costs of litigation;

f. Order Defendant and his tobacco and smoke shop businesses to pay post-judgment interest accessed at the highest lawful rate on all amounts, including attorney fees; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff and Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

**Attorney for Aliakber Mustakali Momin and Members of the Plaintiff Class**

9